Philip R. Cosgrove (SBN 92564)
Ryan E. Cosgrove (SBN 277907)
**HAWKINS PARNELL THACKSTON & YOUNG LLP**
445 South Figueroa Street, Suite 3200
Los Angeles, California 90071
Telephone: (213) 486-8000
Facsimile: (213) 486-8080
pcosgrove@hptylaw.com
rcosgrove@hptylaw.com

Kathy A. Wisniewski (*pro hac vice*)
Stephen A. D'Aunoy (*pro hac vice*)
Elise Puma (*pro hac vice* pending)
**THOMPSON COBURN LLP**
One U.S. Bank Plaza
St. Louis, Missouri 63101
Telephone: (314) 552.6000
Facsimile: (314) 552.7000
kwisniewski@thompsoncoburn.com
sdaunoy@thompsoncoburn.com
epuma@thompsoncoburn.com

*Attorneys for Defendant FCA US LLC*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CHERYL THURSTON, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC, *et al.*,<br><br>Defendants. | Case No. 5:17-cv-02183 JFW (SPx)<br><br>**[PROPOSED] STATEMENT OF DECISION GRANTING FCA US LLC'S MOTION TO DISMISS CLASS ACTION COMPLAINT**<br><br>DATE: January 22, 2017<br>TIME: 1:30 p.m.<br>COURTROOM: 7A |

In this class action case, Plaintiff Cheryl Thurston alleges that Defendant FCA US LLC violated the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53.  Plaintiff's claims are premised on allegations that the dealership locator function on FCA US's website (www.fiatusa.com) is not accessible by visually-impaired individuals who need to use screen reading devices.  For the reasons set forth herein, Defendant's Motion is granted.

## FACTS

Plaintiff is blind and requires screen reading software to read website content and access the internet.  Comp., ¶¶ 1, 6.  She attempted to use the website fiatusa.com to locate specific dealerships operated by FCA US in California, but was unable to do so, and this, in turn, deterred her from visiting the dealerships.  *Id.* at ¶ 6.  Plaintiff does not plead that the website fiatusa.com is a "place of public accommodation."  Rather she pleads that FCA US "owns and operates car dealerships in California," and that these "constitute places of public accommodation" because such "locations provide to the public important goods and/or services."  Comp., ¶ 7.  Plaintiff brings claims for alleged violations of the ADA and the Unruh Act, with the latter being derivative of the former, or, alternatively, for the latter based on allegations that she was intentionally discriminated against because of her disability.  Comp., ¶¶ 35-49.  She seeks a preliminary and permanent injunction, statutory damages, and attorneys' fees.

FCA US seeks dismissal under both Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  As to the former, FCA US argues that this Court lacks subject matter jurisdiction since Plaintiff's failed to plead that the "dealership location" information can only be found on fiatusa.com, and thus she has not shown she has an injury-in-fact as required for standing.  FCA US also argues that because Plaintiff has not alleged that she plans to return to the fiatusa.com website, or that she plans to ever visit any dealership, she lacks standing to pursue injunctive relief.  FCA US argues, alternatively, that the Complaint should be dismissed for failure to state a claim because

1

**[PROPOSED] STATEMENT OF DECISION GRANTING
FCA US LLC'S MOTION TO DISMISS CLASS ACTION COMPLAINT**

Plaintiff's "public accommodation" allegations, which are all made on information and belief, are implausible. FCA US moves to dismiss Plaintiffs' standalone Unruh Act claim on the additional basis that the facts pleaded show FCA US did not intentionally discriminate against Plaintiff.

## DECISION

### A. The Applicable Legal Standards.

Dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is proper when a named plaintiff lacks Article III standing. *See, e.g., Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). A plaintiff lacks standing where he has not suffered an injury-in-fact. *Id.* "At the pleading stage, the plaintiff must clearly allege facts demonstrating each element" of standing, which includes facts demonstrating he has an injury-in-fact. *Spokeo, Inc. v. Robins*, – U.S –,136 S.Ct. 1540,1547 (2016). It is a plaintiff's burden to "establish[] that he has standing to pursue his claims." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). A court ruling on a motion to dismiss must disregard conclusory legal allegations. *Iqbal*, 566 U.S. at 678.

### B. The Court Grants Dismissal Under Rule 12(b)(1).

It is undisputed that this Court lacks jurisdiction unless the allegations of the Complaint are sufficient to show that Plaintiff has suffered an "injury-in-fact." In opposing dismissal, Plaintiff does not offer any opposition to FCA US's argument that her failure to plead she could not access dealership location information anywhere but on fiatusa.com makes her Complaint legally deficient for failing to show she has any injury-

2

[PROPOSED] STATEMENT OF DECISION GRANTING
FCA US LLC'S MOTION TO DISMISS CLASS ACTION COMPLAINT

in-fact. By failing to oppose FCA US's arguments, Plaintiff has effectively conceded that the dealership location information was available to her through the telephonic help number she could access on fiatusa.com, and through a host of other websites at her disposal. *See, e.g., Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095 (9th Cir. 2005) (plaintiff abandoned claims by not raising them in opposition to motion for summary judgment); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F.Supp.2d 1125, 1132 (C.D.Cal. 2011) ("in most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue" (citation omitted)). Obviously, if Plaintiff was able to locate the exact "specific dealerships" she wanted to find by using sources other than fiatusa.com, she does not have an injury-in-fact. For this reason, the Court grants FCA US's motion to dismiss for lack of subject matter jurisdiction.

Even if this Court had found Plaintiff pleaded an injury-in-fact, it would still have to dismiss her ADA and derivative Unruh Act claims because the Complaint contains no allegations of irreparable injury. The only relief available under the ADA is an injunction. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). "[This] equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Plaintiff does not allege that she has any plan to return to fiatusa.com to locate dealerships, or even that she has an intent to seek out and go to a dealership in the future. The failure to plead (or argue) such facts mandates dismissal. *See, e.g., Molski v. Mandarin Touch Restaurant*, 385 F.Supp.2d 1042 (C.D.Cal. 2005). Thus, for this separate reason, the Court lacks subject matter jurisdiction and the Complaint is dismissed.

### C. Alternatively, The Court Grants Dismissal Under Rule 12(b)(6).

Ninth Circuit law is clear that an ADA claim is not legally viable unless the defendant "owns, leases, or operates a place of public accommodation" that the plaintiff was denied access to. *See, e.g., Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1113 (9th Cir. 2000); *Young v. Facebook, Inc.*, 790 F.Supp.2d 1110, 1115 (N.D.Cal. 2011). A "place of public accommodation" must be an actual physical place. *Weyer*, 198 F.3d at 1114. And, this District has concluded that "a plaintiff may challenge the online services provided by a brick-and-mortar store," only if there is a "nexus between the online services and the physical place." *Rios v. New York & Co., Inc.*, 2017 WL 5564530, *3 (C.D.Cal. 2017) (citation omitted). *Id.*

In her Complaint, Plaintiff pleads that this "place of public accommodation" requirement of the ADA is satisfied because she is "informed and believes" that FCA US "owns and operates car dealership locations in California" which "constitute places of public accommodation." Comp., ¶ 7; *see also id.* at ¶ 38. However, in opposing dismissal Plaintiff does not even mention these allegations, and she does not challenge FCA US's arguments that her "place of public accommodation" allegations are implausible. Thus, Plaintiff has effectively admitted that her allegations of FCA US owning dealerships are legally deficient and implausible. *See, e.g., Jenkins*, 398 F.3d at 1095; *Stichting Pensioenfonds*, 802 F.Supp.2d at 1132.

Plaintiff asks this Court to allow this case to proceed because a website owner like FCA US does ***not*** have to actually own ***any*** physical "place of "public accommodation" if, on its website, it advertises its products and tells the public which third parties carry its products. But, Plaintiff makes no such allegations in the Complaint, and she cannot amend her Complaint in an opposition brief. *See, e.g., Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2016 WL 4507117, *8 (C.D. Cal. 2016).

Even if this Court were to allow Plaintiff to amend her Complaint through her opposition, dismissal would still be appropriate because the notion that a defendant does

4

not have to own, lease, or operate a place of "public accommodation" is contrary to current case law and the plain wording of the ADA. The argument Plaintiff makes in her opposition presupposes that FCA US owns and operates only the website fiatusa.com. However, the ADA does not list websites among the "public accommodations" covered by its provisions. 42 U.S.C. § 12181(7). Since the plain wording of the ADA provides for a cause of action only against "any person who owns, leases (or leases to), or operates a place of public accommodation" (42 U.S.C. § 12182), Plaintiff must be able to show that FCA US actually owns such a place. She cannot substitute in a place owned, leased or operated by a third-party. *See Young v. Facebook, Inc.*, 790 F.Supp.2d 1110 (N.D. Cal. 2011).

The arguments Plaintiff makes about a public accommodation owned by a third-party where squarely rejected in *Young*. There the plaintiff argued that the website Facebook had a "sufficient 'nexus' to a physical place of public accommodation" because it sold gift cards in retail stores, and the discrimination on the Facebook website "deprive[d] her of full and equal access to the goods and services provided by Facebook through physical retail stores." 790 F.Supp.2d at 1115. The court rejected this argument finding that "[w]hile the retail stores that sell Facebook gift cards may be places of accommodation, Young does not allege that Facebook, Inc. 'owns, leases (or leases to) or operates' those stores," and thus Facebook's internet services could "not have a nexus to a physical place of public accommodation for which Facebook may be liable under the statute." *Id.* at 1116; *see also Robles v. Dominos Pizza LLC*, 2017 WL 1330216, *3 fn.1 (C.D.Cal. 2017) (distinguishing *Young* from case before court on basis that the defendant at issue owned both the challenged website and "a chain of brick-and-mortar pizza stores"); *Funches v. Barra*, 2016 WL 2939165, *3 (S.D.N.Y. 2016) (dismissing claims against vehicle manufacturers Mercedes and General Motors where the plaintiff's allegations "only discuss[ed] two establishments that interact with the public, such that

they could qualify as places of public accommodation," *i.e.,* a Mercedes dealership and a Cadillac dealership).

Plaintiff does not point the Court to any case where it was found that the owns/leases/operates "a place of public accommodation" requirement of the ADA can be met by showing that the defendant provides *information* about a physical place that is owned/leased/operated by a third party. The Court simply cannot read the "owns, leases (or leases to), or operates a place of public accommodation" language of 42 U.S.C. § 12182 out of the statute. Since Plaintiff abandoned her allegations that FCA US owns, leases, or operates a place of public accommodation, and ownership/operations by a third party are not sufficient, the Court dismisses the Complaint for failure to state a claim.

Finally, Plaintiff does not dispute that her standalone Unruh Act claim must be dismissed unless she has alleged facts showing intentional, willful, affirmative misconduct. *See, e.g., Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 425 (9th Cir. 2014). Under the Court's analysis in *Agency on Deafness* her allegations do not meet this standard. In *Agency on Deafness*, the plaintiffs, who were hearing impaired, complained that they were intentionally excluded from accessing news videos on CNN.com because the website did not offer closed captioning. 742 F.3d at 420-21. The Court held that allegations of failing to provide closed captioning on a website "does not demonstrate [] willful, affirmative misconduct or intentional discrimination and, therefore, [] cannot form the basis of an Unruh Act violation" because the display of video programming without closed captioning applied equally to everyone who visited the website, "hearing-impaired or not." *Id.* at 426. The facts alleged in this case are an identical equivalent to those analyzed by the Ninth Circuit in *Agency on Deafness*, which led to its holding that a non-derivative Unruh Act claim was not legally viable. The complaints are both about a website (there CNN.com, here fiatusa.com) denying access to the disabled (there hearing-impaired, here visually-impaired) by not incorporating special programming (there closed captioning, here reader

access) which applies equally to everyone who uses the website (there "hearing-impaired or not", here "visually-impaired or not"). Under *Agency on Deafness* Plaintiff's non-derivative Unruh Act claim is not legally viable, and must be dismissed

For the foregoing reasons, the Complaint is dismissed. In her opposition, Plaintiff asks the Court to grant her leave to amend in the event of a dismissal. However, Plaintiff did not explain how she could cure the deficiencies in her current Complaint with respect to an injury-in-fact and the "place of public accommodation" requirement. And, it is the Court's opinion that allowing leave would be futile. Thus, the Complaint is dismissed with prejudice and without leave to amend.

DATED: _____

_____
Honorable John F. Walter

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 9th day of January 2018, a true and correct copy of the foregoing document was electronically filed with the Court using the CM/ECF which issue service of same to all counsel of record.

*/s/ Ryan E. Cosgrove*
Ryan E. Cosgrove