**UNITED STATES DISTRICT COURT**              JS-6
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **EDCV 17-2183-JFW (SPx)**   Date: January 26, 2018

Title:    Cheryl Thurston -v- FCA US LLC, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**      **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                                        None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER GRANTING FCA US LLC'S MOTION TO DISMISS CLASS ACTION COMPLAINT [filed 12/19/17; Docket No. 24]**

On December 19, 2017, Defendant FCA US LLC ("Defendant") filed a Motion to Dismiss Class Action Complaint ("Motion"). On December 29, 2017, Plaintiff Cheryl Thurston ("Plaintiff") filed her Opposition. On January 8, 2018, Defendant filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's January 22, 2018 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    Factual and Procedural Background**

Defendant manufactures Fiat automobiles and owns and operates the website, fiatusa.com, which provides information regarding Defendant's automobiles. Specifically, the website contains detailed information regarding the independently owned dealerships where Defendant's automobiles are sold, including the automobiles available at each dealership and the location of the dealership.

Plaintiff, a resident of San Bernardino County, California, "is a blind individual who requires screen reading software to read website content and access the internet." Complaint, ¶¶ 1 and 6. Plaintiff alleges that "[d]espite several attempts to use and navigate fiatusa.com to locate specific dealerships operated by Defendant and located in California, Plaintiff has been denied the full use and enjoyment of the facilities and services of fiatusa.com." *Id.*, ¶ 6. Plaintiff also alleges that "[t]he access barriers on fiatusa.com have caused a denial of [her] full and equal access multiple times in the past, and now deter [her] on a regular basis from accessing Defendant's website" and

that "the access barriers on fiatusa.com have deterred [her] from visiting Defendant's car dealership locations." *Id.*

On October 24, 2017, Plaintiff filed a Complaint against Defendant, on behalf of herself and others similarly situated, alleging claims for (1) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*; and (2) violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq.* In her Complaint, Plaintiff seeks injunctive relief, including an injunction requiring Defendant "to take steps necessary to make fiatusa.com readily accessible to and usable by visually-impaired individuals," as well as statutory damages under the Unruh Act and an award of attorneys' fees.

## II. Legal Standard

### A. Rule 12(b)(1)

The party mounting a Rule 12(b)(1) challenge to the Court's jurisdiction may do so either on the face of the pleadings or by presenting extrinsic evidence for the Court's consideration. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual"). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In ruling on a Rule 12(b)(1) motion attacking the complaint on its face, the Court accepts the allegations of the complaint as true. *See, e.g., Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. "With a factual Rule 12(b)(1) attack . . . a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. It also need not presume the truthfulness of the plaintiff['s] allegations." *White*, 227 F.3d at 1242 (internal citation omitted); *see also Thornhill Pub. Co., Inc. v. General Tel & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) ("Where the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary. . . '[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'") (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (9th Cir. 1977)). "However, where the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine v. U.S.*, 704 F.2d 1074, 1077 (9th Cir. 1983). It is the plaintiff who bears the burden of demonstrating that the Court has subject matter jurisdiction to hear the action. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

### B. Rule 12(b)(6)

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged

under a cognizable legal theory.'" *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).  "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted).  However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

### III.   Discussion

Defendant moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) because Plaintiff has not suffered any injury-in-fact and she has failed to allege any irreparable injury and, therefore, lacks standing. In addition, Defendant seeks dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim. In her Opposition, Plaintiff argues that she has suffered an injury-in-fact and has pled ongoing deterrence sufficient to demonstrate irreparable injury. Plaintiff also argues that she has alleged claims sufficient to survive a challenge pursuant to Rule 12(b)(6).

#### A.   Legal Standard for Standing

"Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The law of Article III standing "require[s] plaintiffs to allege such a personal stake in the outcome of the controversy as to justify

the exercise of the court's remedial powers on their behalf." *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017). Thus, the "standing doctrine serves to prevent the judicial process from being used to usurp the powers of the political branches" (*Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013)), and ensures that "the Federal Judiciary respects the proper – and properly limited – role of the courts in a democratic society." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) (internal quotation marks omitted). The Supreme Court's cases establish that the "irreducible constitutional minimum" of standing consists of three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547.

An injury-in-fact must be both "concrete and particularized." *Id.* at 1548. An injury is "particularized" only if the effects of the alleged wrongdoing actually "affect the plaintiff in a personal and individual way." *Id.* In addition, an injury does not satisfy the "concrete" requisite unless it is "*de facto*; that is, it must actually exist." *Id.* It is a plaintiff's obligation to "clearly allege facts demonstrating" he has an injury-in-fact that is "concrete and particularized." *Id.* at 1547.

In addition, when an injunction is sought, the moving party must demonstrate a continuing threat of injury. *Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). To merit injunctive relief, a plaintiff must demonstrate that he suffers the threat of an "'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (citation omitted).

### B. Plaintiff Lacks Standing

It is undisputed that this Court lacks jurisdiction unless the allegations of the Complaint are sufficient to demonstrate that Plaintiff has suffered an "injury-in-fact." In this case, Plaintiff merely alleges that she made "several attempts" to navigate the fiatusa.com website in an effort "to locate specific dealerships."[1] Complaint, ¶ 6. However, Plaintiff does not allege that she was unable to locate a dealership when she made these "attempts." Instead, in conclusory fashion, Plaintiff alleges that she "has been denied the full use and enjoyment of the facilities and services of fiatusa.com as a result of accessibility barriers on fiatusa.com." *Id.* Moreover, as Defendant argues, Plaintiff does not allege that she was unable to access the "help" telephone number on fiatusa.com, which would have provided her with the necessary assistance to locate a dealership.[2]

---

[1] As Defendant points out, the Complaint is short on detailed facts regarding Plaintiff's personal experience. Instead, Plaintiff's Complaint is generic and nearly identical to those that she has filed in many other cases. *See, e.g., Thurston v. Omni Hotels Mgmt. Corp.*, Case No. 16-CV-2596-TJH (KKx) and *Thurston v. Harley-Davidson Motor Co.*, Case No. 15-CV-2262-JGB (KKx).

[2] Plaintiff failed to respond to Defendant's argument in her Opposition. Accordingly, Plaintiff has conceded that the dealership location information was available to her through the telephonic "help" number that was accessible to Plaintiff on the fiatusa.com website. *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F.Supp.2d 1125, 1132 (C.D.Cal. 2011) (holding that "in most circumstances, failure to respond in an opposition brief to an argument put forward in an opening

*Id.* Most importantly, Plaintiff does not allege that she actually intended to visit a dealership. In the absence of any allegations that the website failed to provide her any information that would have enabled Plaintiff to achieve her alleged goal of locating a specific dealership, Plaintiff has failed to establish that she has suffered any legally compensable injury-in-fact.

Furthermore, even assuming *arguendo*, that Plaintiff was unable to locate a dealership by navigating the fiatusa.com website, the facts alleged by Plaintiff are insufficient to demonstrate that she was personally harmed. At best, Plaintiff's generalized allegations demonstrate that she was unable to find the location of a dealership by navigating that website. However, such an allegation is nothing more than a generalized grievance when it is unaccompanied by any allegation that she actually wanted to go to a dealership and that she was prevented from doing so because of the limitations on the fiatusa.com website. *See, e.g., Ecological Rights Foundation v. Pacific Gas & Electric Co.*, 874 F.3d 1083, 1093 (9th Cir. 2017) (injury is "too 'generalized' for standing purposes [when it] is one characterized by its abstract and indefinite nature – for example, harm to the common concern for obedience to law"); *see also Moreno v. G & M Oil Co.*, 88 F.Supp.2d 1116, 1118 (C.D. Cal. 2000) (finding plaintiff lacked standing to sue for "generalized grievance" related to ADA violations at facilities he had not visited or actually planned to visit).

Finally, even if this Court concluded that Plaintiff adequately alleged an injury-in-fact, dismissal of the ADA claim would still be required because the Complaint fails to allege any irreparable injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) ("[This] equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again"). "A plaintiff's mere attestation that she fears repetition of the challenged conduct is insufficient to demonstrate a likelihood of recurrence." *Molski v. Kahn Winery*, 405 F.Supp.2d 1160, 1163 (C.D. Cal. 2005). Thus, when a plaintiff alleging a claim for violation of the ADA has no concrete plans to return to the location where the alleged ADA violation occurred, "the Court must satisfy itself that [any] professed intent to return is sincere and supported by the facts." *Id.* at 1164. Future harm is not adequately pleaded if the plaintiff is "indifferent to returning." *Chapman*, 631 F.3d at 953.

In the Complaint, Plaintiff fails to allege that she has any plans to return to the fiatusa.com website to locate dealerships or for any other reason, or that she intends to locate and travel to a dealership in the future.[3] In fact, the allegations of the Complaint suggest the contrary. For example, Plaintiff alleges that if an injunction required Defendant to modify the fiatusa.com website in accordance with her request for relief she "could" investigate Fiat products and services, not that she "will" do so. *See* Complaint, ¶ 19. In addition, there are no facts alleged which suggests that Plaintiff ever intended in the past, or that she intends in the future, to actually attempt

---

brief constitutes waiver or abandonment in regard to the uncontested issue").

[3] Even if Plaintiff had made a conclusory allegation of an "intent to return," this Court would question such an allegation because Plaintiff is a serial litigant in that she has been a plaintiff in 19 separate cases in this Court alone. *See, e.g., Chapman*, 631 F.3d at 953 (holding that a plaintiff lacks standing to pursue an ADA claim "if he is indifferent to returning to the [offending] store or if his alleged intent to return is not genuine"); *Kahn Winery*, 405 F.Supp.2d at 1164 ("Courts have found that a serial plaintiff's extensive litigation history can undercut a professed intent to return" (citation omitted)).

to find a Fiat dealership and travel to that dealership and, therefore, Plaintiff has not alleged the requisite irreparable injury.

Accordingly, the Court concludes that Plaintiff lacks standing and, thus, this Court lacks jurisdiction over Plaintiff's ADA claim and that claim must be dismissed. *See, e.g., Molski v. Mandarin Touch Restaurant*, 385 F.Supp.2d 1042 (C.D.Cal. 2005) (dismissing ADA claim for lack of standing where plaintiff did not show that he had intent to return to restaurant where alleged ADA violation occurred).

### C. Plaintiff Fails to Adequately Allege Defendant Owns or Operates a Place of Public Accommodation

An ADA claim is not viable unless the defendant "owns, leases, or operates a place of public accommodation" to which the plaintiff was denied access. *See, e.g., Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1113 (9th Cir. 2000); *Young v. Facebook, Inc.*, 790 F.Supp. 2d 1110, 1115 (N.D. Cal. 2011). The Ninth Circuit has made clear that a "place of public accommodation" means only an actual physical place. *Weyer*, 198 F.3d at 1114. In addition, courts in this District have concluded that "a plaintiff may challenge the online services provided by a brick-and-mortar store," only if there is a "nexus between the online services and the physical place." *Rios v. New York & Co., Inc.*, 2017 WL 5564530, *3 (C.D. Cal. 2017).

Plaintiff alleges, based on "information and belief," that Defendant "owns and operates car dealership locations in California" which are "places of public accommodation." Complaint, ¶¶ 7 and 38. However, Plaintiff alleges no facts demonstrating that she has any basis for her "information and belief." As Defendant points out, if Plaintiff had conducted even a cursory investigation of publicly available sources, she would have easily discovered that Defendant is not licensed as either a lessor/retailer of automobiles or as an automobile dealer/broker, and, thus, Defendant is not the owner of any dealerships in California.[4] Therefore, because Plaintiff had failed to demonstrate that there is any "reasonable basis" for her "belief" that Defendant owns and operates dealerships in California, she has failed to plausibly demonstrate that Defendant owns and operates a place of public accommodation and, thus, her ADA claim fails.[5]  *See, e.g.,*

---

[4] Furthermore, courts in this District have held that in California dealerships "are not [even] 'agents' of manufacturers." *Williams v. Yamaha Motor Corp., U.S.A.*, 2015 WL 13626022, *6 (C.D. Cal. Jan 1, 2015); *see also Acedo v. DMAX, Ltd.*, 2015 WL 12696176, *28 (C.D. Cal. Nov. 13, 2015); *Herremans v. BMW of North America*, LLC, 2014 WL 5017843, *6 (C.D. Cal. Oct. 3, 2014).

[5] Plaintiff does not dispute Defendant's argument that it does not own and operate any dealerships in California in her Opposition. Instead, Plaintiff argues that a website owner like Defendant does not have to actually own any physical place of public accommodation if it advertises its products and its website advises the public which third parties carry its products. However, even if Plaintiff had alleged this theory in her Complaint (which she did not), it is contrary to the plain wording of the ADA and current case law. *See* 42 U.S.C. §§ 12181(7) and 12182; *Young v. Facebook, Inc.*, 790 F.Supp. 2d 1110 (N.D. Cal. 2011) (holding that "[w]hile the retail stores that sell Facebook gift cards may be places of accommodation, Young does not allege that Facebook, Inc. 'owns, leases (or leases to) or operates' those stores," and, thus, Facebook's internet services could "not have a nexus to a physical place of public accommodation for which

*Mireskandari v. Daily Mail & General Trust PLC*, 2013 WL 12129642, *4 (C.D.Cal. July 31, 2013) (holding that "information and belief" allegations are allowed if there is "a reasonable basis" to believe that there will be evidentiary support for those allegations after further investigation).

Accordingly, even if this Court concluded that Plaintiff had standing, Plaintiff's ADA claim must be dismissed pursuant to Rule 12(b)(6) because Plaintiff cannot demonstrate that Defendant owns and operates a place of public accommodation.

## IV.     Conclusion

For all the foregoing reasons, Defendant's Motion is **GRANTED**.  The Court **DISMISSES without leave to amend** Plaintiff's ADA claim.[6]  Given that this Court no longer has original jurisdiction over the action, and after considering the values of economy, convenience, fairness, and comity, the Court, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim for violation of the Unruh Act.  Accordingly, Plaintiff's Unruh Act claim is **DISMISSED without prejudice**.  Accordingly, this action is **DISMISSED without prejudice**.

IT IS SO ORDERED.

---

Facebook may be liable under the statute"); *see also Funches v. Barra*, 2016 WL 2939165, *3 (S.D.N.Y. May 17, 2016) (dismissing claims against vehicle manufacturers Mercedes and General Motors where the plaintiff's allegations "only discuss[ed] two establishments that interact with the public, such that they could qualify as places of public accommodation," a Mercedes dealership and a Cadillac dealership and the plaintiff had failed to allege that Mercedes or General Motors owned or operated these dealerships).

[6]  Although the Court recognizes that this Circuit has a liberal policy favoring amendments and that leave to amend should be freely granted, the Court is not required to grant leave to amend if the Court determines that permitting Plaintiff to amend would be an exercise in futility.  *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").  "Leave to amend may be denied if a court determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (quotations and citations omitted).  In this case, because Plaintiff has failed to identify any facts in her Opposition that indicates that leave to amend would not be futile, the Court dismisses Plaintiff's ADA claim without leave to amend.